UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DANIEL W. CHRISTIAN ) | |
| ) | |
| v. ) | NO. 2:06-CV-229 |
| ) | |
| CITY OF KINGSPORT, KINGSPORT ) | |
| POLICE DEPT., OFFICER TIM HORNE, ) | |
| POLICE CHIEF MARK ADDINGTON, ) | |
| LIEUT. ROBERT ABERNATHY and ) | |
| DET. CHRIS TINCHER ) | |

## **MEMORANDUM and ORDER**

Daniel W. Christian, a prisoner formerly confined in the Sullivan County Detention Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against the City of Kingsport, the Kingsport Police Department, and four of its officers. The complaint alleges that, on September 10, 2005, relying on false information provided by a well-known drug addict and convicted felon, the four defendant officers organized a task force, including eighteen patrol units with SWAT components, for the purpose of executing an arrest warrant on the plaintiff. Subsequently, the operation began and the officers sealed off a four-block radius around 1712 Pendleton Street, evacuated some homes in the vicinity, and commandeered other homes, placing

snipers in the windows and forcing the occupants to leave. [The Court infers, from the plaintiff's contentions, that he was on the premises of the Pendleton Street property.]

It is the plaintiff's apparent position that, by taking these actions, the officers themselves engaged in wrongful or illegal conduct, in violation of various state laws involving acts of terrorism, official misconduct, official oppression, misuse of insider information, and the use of deadly force by law enforcement officers. As a result of the incident, the plaintiff, who is bipolar and suffers from other mental illnesses [i.e., PTSD, anti-social disorder, borderline personality disorder and a nervous disorder] fears for his life and now has nightmares, mental stress, and anxiety attacks when he sees a police officer because he thinks the officer is going to try to kill him. For his alleged injuries, the plaintiff seeks $4,000 for damages to the Pendleton Street property, 7.2 million dollars in punitive damages for the mental anguish he sustained, and the suspension, removal, and discharge of the defendants from their officer positions. For the reasons which follow, however, no service shall issue upon the complaint, and this action will be dismissed.

First of all, it appears that all allegations relating to the execution of the arrest warrant are time-barred. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S.

261, 268-69 (1985). The one-year statute of limitations period contained in *Tenn. Code Ann.* § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Under the facts as presented by plaintiff, the incident out of which his claims arose occurred on September 10, 2005. The complaint was signed on September 25, 2006 and mailed that same day–fifteen days past the statutory time limit for assertion of these claims. Accordingly, these claims are untimely and, therefore, frivolous. *See Fraley v. Ohio Gallia County*, 166 F.3d 1213 (6th Cir. 1998) (unpublished) (available at 1998 WL 789385 (6th Cir. Oct. 30, 1998); *Kesterson v. Wilson*, 165 F.3d 27 (6th Cir. 1998) (unpublished) (available at 1998 WL 702333(6th Cir. Sept. 23, 1998).

Even if these claims were not untimely, they are deficient in other ways. To state a viable § 1983 claim, a plaintiff must allege that: 1) he was denied a right, privilege or immunity secured by the constitution or laws of the United States, and 2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). The plaintiff points to state law as the source of the rights which were allegedly violated. However, the violation of state law, without more, is not a

3

constitutional infringement for which § 1983 provides a remedy. *White v. Gerbitz*, 892 F.2d. 457, 461 (6th Cir. 1989). Therefore, the plaintiff's contentions do not state a claim under § 1983.

Moreover, it is not altogether clear whether the plaintiff is advancing claims on behalf of the owners or occupants of the homes temporarily seized or otherwise involved in the incident, but if he is, he has no standing to pursue such a claim. This is so because a prisoner must assert his own rights and not the rights of others. *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

Thus, in the absence of any allegations which would make out a valid constitutional claim, the plaintiff fails to state a claim in his complaint which would entitle him to relief under § 1983, and this case will be dismissed on this basis. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6).

Finally, the plaintiff is **ASSESSED** the filing fee of three hundred, fifty dollars ($350.00). Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either:

(1) the average monthly deposits to the plaintiff's inmate trust account <u>or</u>

(2) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint on October 2, 2006.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full filing fee of $350 has been paid.[1] 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

To ensure compliance with the payment scheme outlined above, the Clerk is **DIRECTED** to send copies of this Order to the custodian of inmate trust accounts at the West Tennessee prison where the plaintiff is now confined and to George Little, the Commissioner of the Tennessee Department of Correction.

A separate order of dismissal shall enter.

**ENTER**:

                                                    s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE

---

[1] Send the payments to:
    Clerk's Office, USDC
    220 W. Depot Street, Suite 200
    Greeneville, TN 37743.